Jury Trial Demanded

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
_____ DIVISION

Richard Anthony Kaminsky
AKA Richard Anthony Kaminsky, D.O.
AKA Dr. Richard Anthony Kaminsky

**NAME OF THE PLAINTIFF OR PLAINTIFFS**
(Enter above the full names of each plaintiff in this action.)

- vs -

Saint Louis University School of Medicine

FILED
JUL 18 2005
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO

Case No. 4:05CV01112CAS

**NAME OF THE DEFENDANT OR DEFENDANTS**
(Enter above the full name of ALL defendant(s) in this action. Fed. R. Civ. P. 10(a) requires that the caption of the <u>complaint</u> include the name of all the parties. Please attach additional sheets if necessary.)

**COMPLAINT UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, for employment discrimination. Jurisdiction is specifically conferred on the Court by 42 U.S.C. § 2000e-5. Venue is proper in this district under 42 U.S.C. § 2000e-5(f)(3).

2. Plaintiff Richard Anthony Kaminsky
(name of plaintiff)
resides at: 120 Chevy Chase Drive, Belleville
(street address)                (city)
Illinois        , 62223-4120.
(state)           (ZIP code)

Phone: (618) 698-2146 Cellular.
(618) 233-2987 Home

3. The defendant **Saint Louis University School of Medicine**
   (name of defendant)

is an employer, employment agency, or labor organization, as defined in 42 U.S.C. § 2000e, and lives at or its place of business is located at:

**1402 South Grand Blvd.**, **St. Louis**,
(street address)           (city)

**St. Louis**, **Missouri**, **63104**.
(county)     (state)       (zip code)

NOTE: IF THERE IS MORE THAN ONE PERSON FILING THE COMPLAINT OR IF YOU ARE SUING MORE THAN ONE PERSON OR COMPANY, PLEASE ADD THE NAMES AND ADDRESSES OF THE ADDITIONAL PERSONS OR COMPANIES ON A SEPARATE SHEET OF PAPER. COPY THE LANGUAGE IN PARAGRAPHS 2 AND 3 FOR ADDITIONAL PLAINTIFFS OR DEFENDANTS.

4. The address at which plaintiff sought employment or was employed by the defendant(s) is: **1402 South Grand Blvd,**
(street address)

**St. Louis**, **St. Louis**, **Missouri**, **63104**.
(city)      (county)      (state)      (zip code)

5. Defendant discriminated against the plaintiff in the manner indicated in paragraphs 9 and 10 of this complaint on or about: **March** **16** **2005**.
             (month)   (day)  (year)

6. Plaintiff filed charges against the defendant with the Missouri Commission on Human Rights, charging defendant with the acts of discrimination indicated in paragraphs 9 and 10 of this complaint, on or about **April** **25** **2005**.
                                    (month)  (day)  (year)

2

7. Plaintiff filed charges against the defendant with the Equal Employment Opportunity Commission, charging defendant with the acts of discrimination indicated in paragraphs 9 and 10 of this complaint, on or about __April__ __25__ __2005__.
                                      (month)   (day)   (year)

8. The Equal Employment Opportunity Commission issued a Notice of Right to Sue Letter which was received by the plaintiff on __June__ __15__ __2005__, a copy of which is attached to
      (month)  (day)  (year)
this complaint.

9. The acts that I complain of in this suit, concern defendant's:

    (a) __✓__ failure to employ me.
    (b) __✓__ termination of my employment.
    (c) __✓__ failure to promote me.
    (d) __✓__ other acts (specify): __Discrimination due to disability. Harassment in a hostile work environment. Retaliation due to disability and filing an EEOC complaint.__

10. Defendant's action(s), as stated in paragraph 9, is discriminatory with respect to the following:

    (a) _____ my race.      (d) _____ my national origin
    (b) __✓__ my religion.      (f) __✓__ other (specify) __Disability__ __Retaliation__ __Hiring/Promotion__ __Harassment__
    (c) _____ my sex.

3

11. The circumstances under which defendant(s) discriminated against the plaintiff were as follows **(Note: if you are suing more than one defendant, please complete this question with regard to each of the named defendants)**: _See additional typed sheets which are attached._

(Attach additional sheets as necessary.)

4

11. The circumstances under which defendant (s) discriminated against the plaintiff were as follows:

I am a licensed physician and surgeon in the State of Missouri who transferred to Saint Louis University School of Medicine on July 1, 2000 from Wake Forest University Baptist Medical Center (North Carolina Baptist Hospital), one of only 43 hospitals in the United States designated a National Cancer Institute Comprehensive Cancer Center, after completing 24-months (July 1, 1998 to June 30, 2000) of a 48-month Anatomic and Clinical Pathology Residency Program. I intended to complete the remaining 24-months of the pathology residency program at Saint Louis University School of Medicine, then apply for a pathology fellowship and sit for the American Board of Pathology examinations to become board-certified in pathology.

I was going through a legal separation and subsequent divorce while at Saint Louis University School of Medicine from July 1, 2000 to October 31, 2001. The first few months of my residency at Saint Louis University School of Medicine went relatively smooth with few problems; however, after this the program director of the pathology residency Carole Vogler, M.D. began having her secretary Liz Paradowski, now pathology resident program coordinator, page me multiple times a day to schedule meetings between Dr. Vogler and myself. These meetings were to discuss my progress in the pathology residency program; however, they consisted of constant questions concerning my legal separation and subsequent divorce. That was the focus of the meetings and I told Dr. Vogler many times that the topic was not appropriate.

After my divorce, the meetings kept being scheduled and the questions concerning my family life such as "are you divorced yet" kept being asked by Dr. Vogler. After I reluctantly told Dr. Vogler that my divorce was final, my troubles escalated. The pages by Ms. Paradowski became more frequent and persistent and interrupted my duties as a resident physician. The message I received was that I was at a Catholic institution and a divorce was a "no no". I complained to the program director, Dr. Vogler, that a divorce should not have an impact on one's performance and that she was making my divorce a problem, which I was handling fine early on. After this my evaluations came late, were below-average to poor, the meetings became more harsh and hostile and I was treated like a first-year pathology resident and not like the third-year supervisory resident that I should have been. Dr. Vogler began setting goals for me and stated that to remain in the residency program, I would have to meet these each and every month. I met the goals and worked hard to do so, yet on rotations, the attending pathologist was harsh due to the input from Dr. Vogler.

After complaining to Dr. Vogler in a daily meeting, she decided to send me to Dr. Robert Heaney's office, Assistant Dean Saint Louis University School of Medicine. That was in December 2001 and at that time Dr. Vogler told me that I was barred from entering the hospital to work unless I met with Ms. Terri McCarthey, Ombudsman SLU Employee Assistance Program. Under the circumstances, I met with both Dr. Heaney and Ms. McCarthey every time that I was requested to do so. Dr. Vogler stated that I was to maintain contact with both to stay in the residency program. Ms. McCarthey knew of my displeasure with the hostile environment in the SLU pathology department and my problems in my family life. Ms. McCarthey knew of my psychiatric symptoms, yet did not refer me for medication or to a psychiatrist. Dr. Heaney and Ms. McCarthey and I had the same non-productive meetings during which time I was given harsh, retaliatory treatment and was having psychiatric symptoms.

After meeting all their goals and requests and attending every meeting I was asked to, the pathology department and the SLU School of Medicine decided to only renew my contract for four months (July 2001-October 2001) at the same level and rate of pay that I was at for a 3rd year resident, thereby, not promoting me. Instead of offering me a 12-month contract as a 4th year resident which should have been the case, they chose to extend my 3rd year contract for four months, at the same pay. I was also told that if I performed in those four months and maintained contact with Ms. McCarthey and Dr. Heaney that they would give me a new contract at the end of those four months. I did everything they asked, yet still had undiagnosed psychiatric symptoms and the harsh, hostile, discriminatory environment caused my problems to worsen. The meetings between Dr. Vogler and myself became more harsh and more pressure was placed upon me. At the end of the four month extension, I was paged by Dr. Heaney's office and even though no incidents occurred, I was told to turn in my employment badge and pager and was escorted out of the

hospital by security.

As a result of having a still undiagnosed psychiatric condition and now no job after being terminated in October 2001, I was charged with several misdemeanor criminal charges unrelated to my employment at St. Louis University School of Medicine. At that time, a St. Clair County, Illinois Circuit Associate Judge found me unfit-to-stand-trial due to my still undiagnosed psychiatric disability that began while at Saint Louis University School of Medicine. I was sent to Alton State Mental Hospital in Alton, IL and was treated for hypothyroidism and psychosis, not otherwise specified. I was given Synthroid and Resperidol respectively for my disabling medical/psychiatric conditions. It is my sincere belief that had I been referred to the proper healthcare professional and offered medication early on, that I would not have incurred the criminal charges that remain on my once unblemished record.

On October 15, 2004 I appeared before the Missouri Board of Healing Arts with my board-certified psychiatrist who certified me safe to return to the practice of medicine and with my attorney Mr. Charles Sindel of Sindel, Sindel and Knoble, PC, St. Louis, Missouri. Shortly after the meeting, my license was reinstated in Missouri with the stipulation that I must complete the residency program.

In December 2004, I began applying to pathology residency training programs. After I was given poor performance reviews at Saint Louis University School of Medicine they issued a certificate for my 16-months in the program. The certificate states that my performance was satisfactory. However, at this time, I have only completed 40-months of a 48-month program and therefore need an additional 8-months of residency and a 12-month fellowship to become board-eligible.

Of note is that many of my performance evaluations were incomplete, contradictory, and many simply not given to me. At least three different board-certified pathologists evaluated one of the evaluations and each had a different evaluation. At least one evaluation was not even given a final "grade". I did not receive many of the final evaluations and this is what staying in the program was depending on. On one evaluation, I was asked to simply perform more of the specific work, then three weeks later, without incident and with false accusations, I was barred from performing that work permanently.

After I reapplied to obtain my residency position in January 2005, although the pathology department clearly knows of my disability through the employee assistance program and Ombudsman Terri McCarthey, on Match Day March 15, 2005, I was not matched by any program. My former employer, SLU School of Medicine, did not contact me and yet, after the Match on March 15, 2005, all four of their pathology positions remained unmatched.

Mr. Robert Bondurant, Program Coordinator of Missouri Physicians Health Program contacted Ms. McCarthey for me to find out my status. Ms. McCarthey told Mr. Bondurant that SLU pathology would never rehire Dr. Kaminsky due to his past psychiatric problems and that they are "afraid" of me. Ms. McCarthey also stated that it was requested that I be barred from taking any classes in the SLU university wide system. After I did not match to any pathology residency-training program in 2005, I contacted the Saint Louis University Family Practice Residency Program at St. Elizabeth's Hospital in Belleville, Illinois, my hometown. The program director Dr. Charles Robacker, asked if I could interview the next day. We agreed to have an interview on or around March 16th, 2005. After Mr. Bondurant's call to Ms. McCarthey, my interview was canceled suddenly just before the interview time, by the Family Practice Residency Program and not rescheduled. After numerous attempts to contact the program director, Dr. Robacker, I was unsuccessful in obtaining another interview.

My mental illness has been in remission and yet I am forced to work 3rd shift as an electrician at Nestle candy factories in St. Louis, Missouri. Even this position is being eliminated because Nestle is closing this factory in December 2005.

I have joint custody of my now 10-year old daughter and have her during Summers and every holiday. My medical training should have been completed from 1998-2003. It is now 2005 and I still lack at least 20-months of training and am still being discriminated against from completing this training due to my

psychiatric condition. The training is not an option, to become board-eligible and then board-certified, I must complete the American Board of Pathology requirements to work.

12. The acts set forth in paragraph 9 of this complaint are:

(a) __✓__ still being committed by the defendant.

(b) _____ are no longer being committed by the defendant.

(c) _____ may still be being committed by the defendant.

13. Plaintiff attaches to this complaint a copy of the charges filed with the Equal Employment Opportunity Commission, and submits said charges as a brief statement of the facts supporting this complaint.

Wherefore, plaintiff prays for (state what relief is sought):

Monetary relief as decided by court/jury
Monetary relief from emotional distress
Monetary relief due to lost wages
Employment reinstatement to complete residency/fellowship

and such other relief as the Court would allow under Title VII of the Civil Rights Act of 1964, as amended.

Signed this __18__ day of __July__, 20__05__.

_____
Signature of Plaintiff(s)

5