UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICHARD ANTHONY KAMINSKY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:05CV1112 CDP |
| ) | |
| SAINT LOUIS UNIVERSITY SCHOOL OF MEDICINE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is again before the court on a variety of motions, including motions to compel, for sanctions, and for reconsideration. I have carefully reviewed all the motions and memoranda in support and in opposition. Based on that review, I conclude that plaintiff should be allowed to supplement his complaint with the new allegation of failure to hire that he has recently made, and that plaintiff's other motions should be denied. I will grant defendant's motion to compel to the extent that I will compel plaintiff to provide signed, notarized releases of medical information, in the form requested by defendant, no later than **Wednesday, February 15, 2006**.

Plaintiff's initial complaint in this case attempted to allege claims of discrimination that occurred in 2000 and 2001, including wrongful termination,

failure to promote, and hostile work environment. I previously granted defendant's motion to strike and dismiss those claims as they were time barred. I allowed plaintiff's claims of discrimination and retaliation in the failure to hire him in 2005 to go forward. Plaintiff has now filed an amended complaint, alleging that he learned on December 30, 2005, that defendant had refused to hire him for the upcoming 2006-2007 period. He filed an EECO charge making this claim on January 6, 2006, and received a right to sue letter dated January 13, 2006. Although the deadline for filing amended pleadings in this case has passed, and although plaintiff did not seek leave of court to file the amendment, I will, in the interests of justice, allow it to go forward. It will be deemed to be a supplemental complaint, and I will allow its filing under Rule 15(d), Fed. R. Civ. P. I believe that allowing all of plaintiff's claims to go forward in one proceeding is preferable to requiring both parties to litigate these issues in two separate lawsuits. Accordingly, the amended complaint filed on January 19, 2006 [docket # 57] will be deemed to be a supplemental complaint filed as of this date, to the extent it adds the claim of failure to hire in December of 2005. Defendant shall respond to the supplemental complaint in accordance with the Federal Rules of Civil Procedure.

    I will deny plaintiff's request that I reconsider my dismissal with prejudice of his claims of discrimination occurring in 2000 and 2001, however, and to the extent

the supplemental complaint attempts to resurrect those claims, they are stricken. Although both parties may legitimately introduce relevant evidence about their past dealings with one another, plaintiff may not bring a separate claim of discrimination for actions occurring in those years, as he did not timely file a charge of discrimination. As explained previously, claims of wrongful termination and hostile work environment occurring in 2000 and 2001 are claims of separate adverse employment actions, and cannot be revived after they are time-barred by a new claim of failure to hire.

Plaintiff seeks to propound additional discovery, but the new interrogatories he has proposed do not relate to the new claims, nor are they proper discovery requests. Rather than seeking information, they are really just arguments over the validity of the defendant's position in the litigation. I will therefore deny plaintiff's request to propound additional interrogatories.

At the last hearing in the case, plaintiff told the court and defendant that he would sign the medical releases requested by defendant. The order I entered, however, gave him the option of either signing the releases or producing the medical records himself. After the hearing he decided to take the second option, but what he produced are not complete records. Defendant is entitled to obtain the complete medical records for the time period in issue, and it is not plaintiff's option to

selectively produce the documents. It is also not plaintiff's option to decide that he will not supply releases for entities that may have his medical records, such as the Missouri Physicians Health Program or Drs. Rabun or Cuneo. Plaintiff must sign the releases and provide them to defendant's counsel no later than **Wednesday, February 15, 2006**, in the form requested by defendant.

Finally, I will not reconsider my denial of the "motion in limine." Plaintiff argues that his past medical problems and his past legal problems are inadmissible and that therefore they are not the proper subjects of discovery. As I explained to plaintiff earlier in this case, this is not the time to determine whether particular items of evidence are admissible at trial. Plaintiff's allegations make his prior medical and legal difficulties discoverable. It is plaintiff who has alleged that defendant somehow caused his mental problems and that defendant's actions led to his legal difficulties and his other problems. Defendant is entitled to conduct discovery into plaintiff's allegations, and the issue of what may be admissible at trial will be determined when the case is ready for trial.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to compel [#59] is granted and plaintiff must immediately produce to defendant, no later than **Wednesday, February 15, 2006** signed and notarized releases in the form

requested by defendant. Defendant's motion for sanctions is denied.

**IT IS FURTHER ORDERED** that plaintiff's "amended complaint" filed on January 19, 2006 [docket # 57] is deemed a supplemental complaint and plaintiff is granted leave to file it; defendant shall respond to the supplemental allegations within the time set by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that plaintiff's motion for sanctions [#56], plaintiff's sealed motion to serve additional interrogatories [#58], and his two motions for reconsideration [#66, #68] are denied.

**Plaintiff is specifically warned that his failure to produce the medical releases as ordered may result in the imposition of sanctions, which could include dismissal of his complaint with prejudice for failure to comply with court orders.**

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 9th day of February, 2006.