UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| RICHARD ANTHONY KAMINSKY, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | Case No. 4:05CV1112 CDP |
|  | ) |  |
| SAINT LOUIS UNIVERSITY SCHOOL OF MEDICINE, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## MEMORANDUM AND ORDER

Before me are two motions filed by plaintiff Richard Anthony Kaminsky. The first is a motion for sanctions and a continuance of Kaminsky's May 1, 2006 deposition. The second is a motion to reconsider Kaminsky's 2000 and 2001 claims of hostile work environment and religious discrimination. Upon due consideration, I will deny both of these motions.

In his motion for sanctions and a continuance, Kaminsky contends that he did not receive notice of his deposition until April, 29, 2006, two days before his deposition. Kaminsky argues that this short notice does not comply with Fed. R. Civ. P. 30(b), which provides that "[a] party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing to every other party in the action." Despite his dissatisfaction with the adequacy of the

defendant's notice, Kaminsky completed his deposition on May 1, 2006 without further objection. Accordingly, his motion for sanctions and a continuance is denied as moot.

Likewise, I will deny his motion to reconsider the dismissal of his 2000 and 2001 claims of discrimination. Kaminsky's motion represents his second attempt to resurrect claims that I originally dismissed as time-barred in my September 29, 2005 Order. Kaminsky again contends that his 2000 and 2001 claims are not time-barred under the continuing violation doctrine. I disagree. The continuing violation doctrine does not apply to discrete acts of discrimination such as wrongful termination, failure to promote, or refusal to hire. Nat'l R.R. Passenger Corp., 536 U.S. 101, 114 (2002). Thus, Kaminsky's allegations of wrongful termination and failure to promote arising from his employment with the defendant in 2000 and 2001 fall outside the scope of this doctrine.

The only time-barred claim alleged by Kaminsky that could survive under the continuing violation doctrine is his claim of hostile work environment. Kaminsky, however, must demonstrate that at least one act contributing to his alleged hostile work environment claim falls within the statutory time period. Id. at 122. Kaminsky has failed to make this showing. All of the alleged acts which contributed to Kaminsky's hostile work environment ceased upon his termination in

October, 2001. He has not been employed by the defendant since that time, and thus he cannot claim that the defendant's failure to hire him in 2005 and 2006 constitute acts which contributed to a hostile work environment. Instead, these recent allegations constitute discrete acts of discrimination that are independently actionable. For the foregoing reasons, I will deny Kaminsky's motion to reconsider the dismissal of his 2000 and 2001 claims of discrimination.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Richard Anthony Kaminsky's motion for sanctions or a continuance of his May 1, 2006 deposition [#86] is denied.

**IT IS FURTHER ORDERED** that Kaminsky's motion to reconsider the claim of hostile work environment and religious discrimination [#85] is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this <u>19th</u> day of <u>May</u>, 2006.