UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD ANTHONY KAMINSKY, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:05CV1112 CDP |
| SAINT LOUIS UNIVERSITY SCHOOL OF MEDICINE, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before me on a variety of motions related to plaintiff Richard

Anthony Kaminsky's motion for summary judgment. On May 12, 2006, Kaminsky

moved for summary judgment on his claims of religious and disability discrimination

and retaliation. As defendant St. Louis University School of Medicine (SLU)

correctly points out, however, Kaminsky's motion for summary judgment is

procedurally flawed.

First, Kaminsky failed to submit a statement of uncontroverted material facts

in accordance with Local Rule 4.01(E) in a timely manner. L.R. 4.01(E) provides

that a memorandum in support of a motion for summary judgment must have

attached a statement of uncontroverted material facts with appropriate citations to

the record. Kaminsky did not attach a statement of uncontroverted material facts to

his memorandum in support of his motion for summary judgment. Kaminsky filed

his statement of uncontroverted material facts on June 12, 2006, exactly one month

after his motion for summary judgment was filed, and over a week past the June 1,

2006 deadline for dispositive motions set forth in my March 10, 2006 Order. That

statement, however, failed to provide adequate citations to the record, as required

by the local rule.

Second, Kaminsky failed to properly authenticate the many exhibits that he

attached to his motion for summary judgment. "To be considered on summary

judgment, documents must be authenticated by and attached to an affidavit made on

personal knowledge setting forth such facts as would be admissible in evidence or a

deposition that meets the requirements of Fed. R. Civ. P. 56(e). Documents which

do not meet those requirements cannot be considered." Shanklin v. Fitzgerald, 397

F.3d 596, 602 (8th Cir. 2005) (citations omitted). Kaminsky failed to provide any

affidavits or properly authenticated documents in support of his motion.

SLU has responded to Kaminsky's errors with two motions. First, SLU has

moved to strike Kaminsky's motion for summary judgment for failure to comply

with the Local and Federal Rules. Second, SLU has moved for an order clarifying

how it should respond to Kaminsky's untimely submission of his statement of

uncontroverted material facts. Both of these motions are well-founded, but I need

not grant either of them.

Instead, I find it abundantly clear after a cursory review of Kaminsky's motion for summary judgment that he is not entitled to judgment as a matter of law on any of his claims. Depending on my ruling on SLU's pending motion for summary judgment, Kaminsky may or may not have his day in court, but he certainly has not shown that he should win this case without a trial.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Richard Anthony Kaminsky's motion for summary judgment [# 91] is denied.

**IT IS FURTHER ORDERED** that defendant St. Louis University School of Medicine's motion to strike [# 109] and motion for clarification [# 117] are both denied as moot.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of June, 2006.