UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD ANTHONY KAMINSKY, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:05CV1112 CDP |
| SAINT LOUIS UNIVERSITY SCHOOL OF MEDICINE, | ) ) ) ) | |
| Defendant. | ) | |

# **MEMORANDUM AND ORDER**

This case is set for trial on September 11, 2006. A large number of motions are pending. This order resolves the miscellaneous motions that have been filed by plaintiff, but does not deal with defendant's motion for summary judgment, which remains under submission. I will rule on that motion for summary judgment well in advance of the date for the parties' filing of pretrial submissions.

As set forth extensively on the record of this case, plaintiff alleges that defendant discriminated against him on the basis of disability and religion and retaliated against him for complaining of discrimination. On June 22, 2006 I entered an order denying plaintiff's motion for summary judgment, because the record shows that he is not entitled to judgment as a matter of law. In that order I pointed out that whether the case will go to trial depends on my ruling on defendant's

summary judgment motion, but that in any event, plaintiff could certainly not win the case on his own motion for summary judgment. This ruling was not based on the procedural deficiencies in plaintiff's filings, but was a ruling on the merits. Plaintiff responded to my order with a flurry of motions, none of which has any validity.

In addition to the usual round of motions to strike and to reconsider issues I have already decided, plaintiff also seeks my disqualification. He relies on both recusal statutes, 28 U.S.C. § 144 and 28 U.S.C. § 455. Although he has provided an affidavit, the affidavit fails to allege any personal or extrajudicial basis for recusal. Instead, he argues that my handling of the case itself shows that I am prejudiced against him. A party's disagreement with a judge's rulings is not grounds for disqualification of the judge. Plaintiff does not, nor could he, allege any conflict of interest or anything outside the case as a basis for disqualification. I bear no personal ill will toward plaintiff; I never knew him or knew anything about this case before it was filed; I have learned all information about the case from proceedings in the case. I have attempted at all times to treat plaintiff with dignity and respect, as is demonstrated by the record of the hearings that have been conducted. At those hearings I have attempted to explain to plaintiff the reasons for my rulings and the constraints of the law. Not all of those rulings have been

unfavorable to plaintiff. I allowed plaintiff to supplement his complaint to add allegations of discrimination occurring after this suit was filed, so that he would only be required to have one trial. I also changed the schedule to the extent possible when he requested an earlier trial. Additionally, I have carefully reviewed and fully considered plaintiff's multiple motions rehashing issues on which I had already ruled. The record contains all I know about this case, and there have been no proceedings off the record. There is nothing extrajudicial alleged, and therefore the motion and affidavit are insufficient to trigger assignment of even the recusal motion to another judge.

Plaintiff continues to argue that the Court may not consider the criminal proceedings in which he has been involved, and that I should exclude and strike all references to any criminal matters. He also asks me to seal the court file, arguing that defendant improperly referred in its filings to the criminal proceedings. The criminal proceedings were already a part of the public record before defendant referred to them in its motions. The status of plaintiff's medical licenses at various times, and the reasons for any suspension of his licenses, is relevant to the employment actions that form the basis of plaintiff's lawsuit. None of this evidence is improper, and there is no reason for sealing the court file.

Most of plaintiff's remaining motions do not require discussion. I will point

out, however, his "motion to preserve jury trial with knowledge of summary judgment denied" is unnecessary, because if I deny defendant's motion for summary judgment, we will have a jury trial of this matter.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to disqualify the undersigned [#122] is denied.

**IT IS FURTHER ORDERED** that plaintiff's motion to reconsider his motion in limine and his motion to seal case [#106, # 111] are denied.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to file in excess of page limitation [#123] and his motion for leave to file sur-reply [#125] are granted.

**IT IS FURTHER ORDERED** that plaintiff's motion to strike [#119] and motion to preserve jury trial [#120] are denied as moot.

**IT IS FURTHER ORDERED** that plaintiff's motion to reconsider denial of plaintiff's summary judgment motion [#126] is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 5th day of July, 2006.